## STATE v. LARKINS.

1. RECORDER'S COURT—TRIAL BY JURY.—The recorder of the city court of Charleston being invested "with all the powers, authority, and jurisdiction of a trial justice of this State in criminal matters and cases," the recorder's court has the incidents of a trial justice's court (City Council *v.* Brown, 42 S. C., 184), and one of these incidents is a trial by jury. Therefore, one accused of violating a city ordinance is entitled, on his demand, to a jury trial in such court.

Before GARY, J., Charleston, December, 1894.

Appeal by the State in the case of State *v.* Rufus Larkins.

*Mr. Charles Inglesby,* corporation counsel, for appellant.

*Mr. S. J. Lee,* contra.

July 8, 1895. The opinion of the court was delivered by

MR. JUSTICE GARY. Rufus Larkins, the defendant, was arrested by the police of the city of Charleston, charged with a violation of section 548 of the city ordinances with reference to lotteries and games of chance. Upon being arraigned before the recorder, the defendant demanded a trial by jury, which was refused. The defendant then appealed to the Court of General Sessions on the ground that there was error on the part of the recorder in refusing to allow him a trial by jury. The appeal was heard by his honor, Ernest Gary, presiding judge, who reversed the judgment of the recorder, and remanded the case to that court for the purpose of affording the defendant a trial by jury. From this order of his honor, Judge Gary, the State has appealed to this court on the ground that he erred in holding that defendants, in the police court of the city of Charleston are entitled, when charged with violations of city police ordinances and regulations, to demand trials by jury; that the right to trial by jury in such cases in said police court of the city of Charleston is secured to defendants by the laws and Constitution of this State.

For a history of the police court of the city of Charleston see

the opinion of this court in the case of *City Council* v. *Brown,* 42 S. C., 184.    In 1878 (16 Stat., 467,) an act was passed entitled: "An act to define and regulate the jurisdiction of the police court of Charleston."    Section 1 of said act is as follows: "That from and after the ratification of this act it shall be the duty of the recorder of the city of Charleston to hold the police court of the city of Charleston, heretofore held by the mayor of Charleston, and that in addition to the power and authority already by law vested in the recorder, he shall be invested with all the power and authority heretofore vested in the mayor as the presiding officer of the police court, and with all the power, authority, and jurisdiction of a trial justice of this State in criminal matters and cases, except that the recorder shall not be allowed to charge or receive any of the fees allowed by law to a trial justice."    Section 2 is as follows: "In case of the sickness or other unavoidable absence of the recorder, the police court shall be held by one of the aldermen of the city of Charleston, or by one of the trial justices of Charleston County, as may be designated by the mayor."

In the case of *City Council* v. *Brown, supra,* the court says: "The recorder tried the case by reason of the fact that he was invested with all the 'powers, authority, and jurisdiction of a trial justice of this State in criminal matters and cases.'    As the recorder tried the case under the powers of a trial justice conferred upon him, it follows necessarily that the defendant had the right of appeal, which is incidental to such trial."    Another incident of such a trial is the right to a jury.    The powers, authority, and jurisdiction of a trial justice conferred upon the recorder carried with them their corresponding rights of the prisoner in such cases.    One of the rights of a prisoner charged with the violation of an *ordinance,* when tried before a person clothed with the power, authority, and jurisdiction of a trial justice, is to have a jury to pass upon his innocence or his guilt.    *Town of Lexington* v. *Wise,* 24 S. C., 163; *Town Council of Beaufort* v. *Ohlandt, Ibid.,* 158; *State* v. *Williams,* 40 *Id.,* 373. Section 20, Code of Civil Procedure, provides that every person arrested and brought before a trial justice charged with an offence within his jurisdiction shall be entitled on demand to a

trial by jury. Although the question presented in this case was not involved in the case of *City Council* v. *Brown, supra,* the principles therein announced are conclusive of this case. After a careful consideration of that case, this court sees no reason to change its views therein announced.

It is the judgment of this court, that the order of the Circuit Court be affirmed.